**SAWYER & CO., Inc., Plaintiff,**

v.

**The ATCHISON, TOPEKA & SANTA FE RAILWAY CO., Defendant.**

Civ. A. No. 67–426.

United States District Court
D. Massachusetts.

April 17, 1968.

Frank Infelise, Lynn, Mass., for plaintiff.

John A. Briggs, Law Dept., Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This matter came before the Court upon defendant's motion for summary judgment. The following appears from the pleadings and the affidavits appended to the motion for summary judgment:

1. This action was brought pursuant to the provisions of 49 U.S.C.A. sec. 20 (11) for the recovery by plaintiff of $1,500, the amount of damages it allegedly suffered in the transportation by rail of a quantity of cantaloupes from California to Massachusetts.

2. 49 U.S.C.A. sec. 20(11) imposes liability only on the initial carrier receiving the property from the consignor or on the final carrier delivering the property to the consignee, and it imposes that liability only in favor of the lawful holder of the bill of lading or receipt for the merchandise.

3. Plaintiff's complaint does not contain any allegation that it was or is the holder of a bill of lading or a receipt for the merchandise shipped.

4. The receiving carrier who issued the original bill of lading for this merchandise was the Sunset Railway, a line-haul carrier, which is not a switching carrier.

5. The defendant was neither the initial receiving nor the final delivering carrier.

The motion for summary judgment must be allowed because on this record it does not appear that two of the requirements of 49 U.S.C.A. 20(11) have been satisfied, in that plaintiff is not alleged or shown to be the holder of a bill of lading and defendant has affirmatively shown, by uncontradicted affidavits, that it was neither the initial receiving nor the final delivering carrier.

Judgment for the defendant.